

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 15, 2017

**WILLIE C. COLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County
Nos. 41300139, 41300140  William R. Goodman, III, Judge**

_____

**No. M2016-00625-CCA-R3-PC**

_____

Petitioner, Willie C. Cole, filed a pro se petition for post-conviction relief, challenging various aspects of trial counsel's representation as ineffective, among other things. After appointment of counsel and a hearing, the post-conviction court denied relief and dismissed the petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

B. Nathan Hunt, Clarksville, Tennessee, for the appellant, Willie Charles Cole.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; John W. Carney, District Attorney General; and Dan Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In February of 2013, Petitioner was indicted in Case Number 41300139 for theft of property valued over $10,000 and in Case Number 41300140 for aggravated robbery. On September 13, 2013, Petitioner, with the assistance of trial counsel, entered a guilty to both crimes. At the guilty plea hearing, counsel for the State informed the trial court that it was prepared to put forth proof at trial to show that on December 3, 2012:

[Petitioner] and his codefendant Marquex Townsend entered into an agreement whereby Mr. Townsend w[ould] take the victim . . . in the Wal-Mart store and cash a check, . . . g[e]t some cash while in the store. They - - they were - - we actually have text messages between them kind of setting up the incident.

When Mr. Townsend and [the victim] came back out of the store and got into [the victim's] vehicle, [Petitioner] met them and approached them with a gun in his hand. I believe it did turn out to be a pellet gun, but I - - I have a photograph of it here for the Court if the Court wants to see it. It had every bit of the appearance of being a real automatic handgun. [Petitioner] did take [$]632 in cash and a cell phone - - cell phone from . . . [the victim].

He was caught later that night with the stolen property in his possession and with the gun in his possession. [Petitioner] made a full confession to the robbery as did Mr. Townsend, who had - - has already been charged and entered a plea in this case.

The facts giving rise to Case Number 41300139 took place on December 12, 2012. On that day:

[Ms.] Blevins left her 2009 Chrysler 300 running while she ran into the Dollar General Store. Her seven year old child was in the car at the time. [Petitioner] saw the car running, jumped into it, took off with it, eventually stopped at Wal-Mart, put the child out of the car, and [was] eventually apprehended a little bit later by the police. He had the stolen vehicle car keys in his pocket at the time he was apprehended. He did admit to that theft as well. He told officers he took the car because he needed the money for the bail in the aggravated robbery case. And the value of that car was over $20,000. He was [also] initially charged with kidnapping. The State chose not to present th[at] to the Grand Jury.

Prior to accepting the plea, the trial court informed Petitioner of the range of punishment for each offense, taking into account that Petitioner was a Range II offender. The trial court also notified Petitioner that the sentences would be served consecutively to any sentence he was already serving. Petitioner acknowledged that he was giving up his right to a jury trial, his right to confront witnesses, his right to subpoena witnesses, his right to remain silent, his right to testify, and his right to appeal. Petitioner acknowledged his understanding that these convictions could be used to enhance any future convictions

he received. Petitioner informed the trial court that it was in his best interest to plead guilty and admitted to the trial court that he was guilty of the offenses.

The trial court approved the negotiated settlement of the cases, sentencing Petitioner to eight years for aggravated robbery to be served at 100 percent and six years for theft of property to be served as a Range II, multiple offender. The trial court did not award Petitioner any jail credits because he was "presently serving" a sentence on a probation violation at the time of the guilty plea hearing. The trial court ordered the sentences in the present cases to be served consecutively to each other and to the sentence he was already serving. His effective consecutive sentence is fourteen years.

On August 11, 2014, Petitioner filed a lengthy pro se petition for post-conviction relief in which he sought relief based on numerous allegations of ineffective assistance of counsel and various constitutional violations. Counsel was appointed and the post-conviction court held a hearing on the petition for relief.

*Post-conviction Hearing*

At the hearing, Petitioner admitted that he was on probation at the time he committed the offenses which were the basis of the guilty plea. He explained that there were "a whole lot of grounds" for his ineffective assistance of counsel claim. Petitioner testified that he met with trial counsel at least two times at the county jail and before each court appearance. Petitioner insisted that he requested trial counsel file a motion to suppress his statement to police because the police failed to administer "*Miranda* rights or any of that." Petitioner claimed that he never signed the statement and that the detective threatened him and his girlfriend, who was pregnant at the time of their arrest. The detective told him that if Petitioner "didn't confess, basically, that he would make sure [his girlfriend] got locked up, and if she had the kids while she was locked up, then the state would take 'em and things . . . ." Petitioner also complained that trial counsel failed to challenge his arrest. Petitioner's statement was entered into evidence. It appeared to be signed by Petitioner and contained an admonition and waiver of *Miranda* rights.

In the theft case, Petitioner insisted that he had no "intent to deprive the owner of the vehicle" and that he was just joyriding. He wanted trial counsel to pursue a lesser charge. Trial counsel told Petitioner that was not a possibility and that the State would not agree to a reduced offense.

Petitioner claimed that he was "out of it" because he was on a "lot of medication" after coming "[b]ack from the mental health institution" where he had stayed for several weeks after he tried to hang himself in a "suicide attempt." Petitioner testified that he

was taking Lithium, Trazodone, and Celexa when he was at the mental health institution but that they took him off of Lithium when he returned to jail and replaced it with Zyprexa, another antipsychotic. Trial counsel was aware that Petitioner was on medication. Petitioner complained that trial counsel did not address his limited cognitive abilities and the side effects of the medications. Petitioner stated that the medication and his mental state negatively affected his ability to enter his plea.

Trial counsel testified that he was appointed to represent Petitioner and recalled that he had "greater exposure" for a longer sentence if he went to trial versus entering guilty pleas. Trial counsel did not recall Petitioner requesting that he file a motion to suppress based on a "forced" statement. He described Petitioner's "biggest thing" was with regard to witness testimony because Petitioner did not think "[the] codefendant and the girlfriend would be willing to testify against him." Trial counsel testified that the statement and signed confession would have been used against Petitioner if he decided to go to trial.

Trial counsel recalled that Petitioner asked if the State would agree for the sentences to be served concurrently at 85 percent. Trial counsel testified that up until the entry of the plea, the only offer received from the State had been for a ten-year sentence for the aggravated robbery charge. He prepared to try the case, even getting street clothes for Petitioner to wear at trial. Petitioner understood his options but was "torn" between pleading guilty and going to trial because trial counsel told him this was the "best deal [he] was going to get" but that he "went for" the plea because of "the fear of getting more time."

Trial counsel recalled Petitioner was in a mental health institution prior to the plea but did not think that Petitioner's mental state would have any effect on his ability to plead guilty. Trial counsel "did not detect that [Petitioner] had any issue with understanding what was . . . going on [at the guilty plea hearing]."

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In a solid written order entered March 26, 2016, the post-conviction court denied relief. Petitioner appeals the denial of relief.[1]

*A. Standard of Review*

---

[1] In the petition for relief, spanning over fifty pages, Petitioner sought relief on various other grounds that were not raised on appeal. Any issues raised in the pro se petition and not raised on appeal are deemed abandoned. *See Jeffrey L. Vaughn v. State*, No. W2015-00921-CCA-R3-PC, 2016 WL 1446140, at *2 n.4 (Tenn. Crim. App. Apr. 12, 2016), *perm. app. denied* (Tenn. Aug. 19, 2016); *Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. 2009), *perm. app. denied* (Tenn. Apr. 16, 2010).

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

## B. Ineffective Assistance of Counsel

Petitioner argues that his guilty plea was involuntary and unintelligent due to the ineffective assistance of trial counsel. Specifically, Petitioner asserts that trial counsel failed to adequately discuss the case, meet with him prior to trial, failed to file a motion to suppress, failed to negotiate a lesser charge or a shorter sentence, and failed to explain the potential sentencing range. Petitioner also argues that he received ineffective assistance of counsel because trial counsel failed to recognize his mental health issues. The State argues that Petitioner has not shown that he received ineffective assistance of counsel.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*,

960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In its order denying relief, the post-conviction court determined:

> [T]rial counsel for the Petitioner reviewed the facts and applicable law in each case with the Petitioner, consulted with the Petitioner on several occasions, and [testified] that the Petitioner both considered and participated in trial strategy. Petitioner initially refused to accept any offer of settlement based on his assumption that certain parties would not testify against him. After learning this would not be the case, the Petitioner displayed his understanding of the circumstances by his decision to accept the offer of settlement which had been tendered.

- 6 -

Based on the factors set forth in *Blankenship v. State*, 858 S.W.2d 897 (Tenn. 1993), the court finds the plea of guilty of the Defendant to have been made voluntarily and knowingly.

### 1. Failure to file Motion to Suppress

First, Petitioner claims on appeal that trial counsel was ineffective for failing to file a motion to suppress. The State disagrees.

This Court has previously addressed the evidence necessary at a post-conviction hearing in order to demonstrate that counsel's failure to file a motion to suppress prejudiced the petitioner:

> It is well settled that when a [p]etitioner in post-conviction proceedings asserts that counsel rendered ineffective assistance of counsel by failing to call certain witnesses to testify, or by failing to interview certain witnesses, these witnesses should be called to testify at the post-conviction hearing; otherwise, [p]etitioner asks the [c]ourt to grant relief based upon mere speculation. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. 1990). The same standard applies when a [p]etitioner argues that counsel was constitutionally ineffective by failing to file pre-trial motions to suppress evidence. In order to show prejudice, [a] [p]etitioner must show by clear and convincing evidence that (1) a motion to suppress would have been granted and (2) there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested. *Vaughn v. State*, 202 S.W.3d 106, 120 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 687). In essence, the petitioner should incorporate a motion to suppress within the proof presented at the post-conviction hearing.

*Terrance Cecil v. State*, No. M2009-00671-CCA-R3-PC, 2011 WL 4012436, at \*8 (Tenn. Crim. App. Sept. 12, 2011), *no perm. app. filed*. Thus, "[i]f a petitioner alleges that trial counsel rendered ineffective assistance of counsel by failing to . . . file a motion to suppress[,] . . . the petitioner is generally obliged to present . . . the [evidence supporting his claim] at the post-conviction hearing in order to satisfy the *Strickland* prejudice prong." *Demarcus Sanders v. State*, No. W2012-01685-CCA-R3-PC, 2013 WL 6021415, at \*4 (Tenn. Crim. App. Nov. 8, 2013), *perm. app. denied* (Tenn. Mar. 17, 2014); *see also Craig Abston v. State*, No. W2014-02513-CCA-R3-PC, 2016 WL 3007026, at \*9 (Tenn. Crim. App. May 17, 2016), *perm. app. denied* (Tenn. Aug. 18, 2016).

In this case, Petitioner failed to demonstrate that a motion to suppress his statement would have been successful had it been filed. Petitioner claimed that he was coerced and threatened into making the confession and was not given *Miranda* warnings. Trial counsel testified that he found no basis existed to file a motion to suppress. Moreover, the record reflects that Petitioner signed a waiver of *Miranda* rights prior to his confession. Petitioner did not present any evidence at the hearing to support his claims. Based on the record before us, we are unable to determine that a motion to suppress would have been granted. Petitioner has failed to show that he was prejudiced by any alleged deficiency as required by a proper *Strickland* analysis. The post-conviction court accredited the testimony of trial counsel and properly concluded that Petitioner did not receive ineffective assistance of counsel for trial counsel's failure to file a motion to suppress.

### 2. *Failure to Negotiate Reduced Charge or Concurrent Sentences*

Petitioner also complains that trial counsel failed to try to get one of the charges reduced to joyriding and failed to secure an agreement wherein his sentences would be served concurrently rather than consecutively. Trial counsel testified that neither of these scenarios were possible, recalling that Petitioner was subject to mandatory consecutive sentences because he was out on bond. In fact, Tennessee Rule of Criminal Procedure 32(c)(3)(C) requires consecutive sentences if "a felony [is] committed while the defendant was released on bail and the defendant is convicted of both offenses." The proof at the hearing indicated that Petitioner was on bail for the robbery offense at the time he committed the theft offense. Additionally, trial counsel did not think that the State would entertain reducing Petitioner's theft charge to joyriding. Petitioner has produced no proof that a plea deal for joyriding or concurrent sentences was ever an option. Thus, Petitioner he is not entitled to relief.

### 3. *Failure to Meet with Petitioner and Investigate Case*

Petitioner also claims that trial counsel did not adequately meet with Petitioner and did not thoroughly investigate his case. The post-conviction court noted that the testimony of Petitioner and trial counsel was similar with regard to the number of times they met prior to the guilty plea and noted that Petitioner confessed to his involvement in the offenses. The evidence does not preponderate against the determinations of the post-conviction court. Petitioner has not identified what else trial counsel could have achieved through additional preparation or investigation. Petitioner is not entitled to relief.

### 5. *Failure to Pursue Mental Health Issues*

Petitioner insists that trial counsel failed to adequately investigate and address his mental health problems. Petitioner testified at length that he suffered from mental health problems, took medication, had attempted suicide, and had been institutionalized for several weeks. Trial counsel was aware of all of these things but did not perceive any of the medication to have an effect on Petitioner's ability to understand the nature and consequences of his guilty plea. Petitioner claimed at the hearing that his medication came with side effects which impaired his ability to enter a valid plea but admits that he did not communicate those problems to trial counsel. Moreover, Petitioner failed to introduce any medical evidence, in the form or testimony or otherwise, to support his allegations. Petitioner bears the burden of producing the favorable evidence regarding his mental health that he claims trial counsel was ineffective for failing to present to the trial court. *See Black v. State*, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990). Because Petitioner has not demonstrated that favorable evidence exists that would have proven his incompetency or otherwise affected his sentence, he has failed to prove by clear and convincing evidence that he received ineffective assistance of counsel. Petitioner is not entitled to relief on this issue.

### 6. Voluntariness of Plea

Finally, as noted by the post-conviction court, all of Petitioner's claims about the voluntariness of his guilty plea are slammed by the transcript of the guilty plea hearing, in which he was advised of all of his constitutional rights and his sentencing range. Petitioner complains that the trial court improperly utilized *Blakenship v. State*, 858 S.W.2d 897 (Tenn. 1993), in making its decision. We disagree. In order to determine whether a plea is intelligent and voluntary, the trial court must "canvass[ ] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). The trial court looks to several factors before accepting a plea, including:

> the relative intelligence of the defendant; degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship*, 858 S.W.2d at 904; *see Howell v. State*, 185 S.W.3d 319, 330-31 (Tenn. 2006). Once the trial court has conducted a proper plea colloquy, it discharges its duty to assess the voluntary and intelligent nature of the plea and creates an adequate record for any subsequent review. *Boykin*, 395 U.S. at 244. Statements made by a petitioner, his

attorney, and the prosecutor during the plea colloquy, as well as any findings made by the trial court in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Statements made in open court carry a strong presumption of truth, and to overcome such presumption, a petitioner must present more than "conclusory allegations unsupported by specifics." *Id.* at 74. The transcript reflects that Petitioner approved of the performance of trial counsel, affirmed that he was clear-minded, and insisted that it was his desire to plead guilty. Petitioner has failed to prove by clear and convincing evidence that he received the ineffective assistance of counsel thereby rendering his guilty plea involuntary and unintelligent.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE